**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

MOHAMED AL SHUAIBI, et al.,
    Plaintiffs,

v.

JAMES MCCAMENT, Acting Director of
U.S. Citizenship and Immigration
Services, et al.,
    Defendants.

**DECISION & ORDER**
17-cv-6489-FPG-JWF

---

## Factual Background

Plaintiff Mohamed Al Shuaibi ("Mohamed") is a legal permanent resident of the United States. Docket # 2 at ¶ 5. He is married to plaintiff Lool Mohamed ("Lool"), a citizen of Yemen. Id. at ¶ 6. Their marriage ceremony took place in Yemen on June 19, 2007. On September 13, 2011, Mohamed filed an I-130 Petition for Alien Relative on behalf of Lool. On October 4, 2011, the couple registered their marriage with Yemeni authorities. On August 16, 2016, Mohamed's petition was denied by the U.S. Citizenship and Immigration Services ("USCIS"). On June 21, 2017, the Board of Immigration Appeals ("BIA") denied his appeal. Mohamed then filed this lawsuit on behalf of himself and his children (hereinafter "plaintiffs"), seeking a finding that the BIA's decision was arbitrary and capricious under 28 U.S.C. § 2201.

Currently pending before the Court is plaintiffs' motion to supplement the administrative record with expert testimony regarding applicable Yemeni law (Docket # 30) and a motion to amend

1

the complaint (Docket # 44). The motion to supplement the administrative record has been pending on the Court's docket for over nine months. Upon request of the parties, the Court repeatedly postponed oral argument of the motion. The most recent postponement was entered on October 3, 2018 (Docket # 43) and contemplated delaying oral argument until after Chief Judge Geraci decided defendants' motion to dismiss. While a decision on the motion to dismiss was pending, plaintiffs filed a motion to amend the complaint (Docket # 44). Oral argument on the motion to amend the complaint was held on March 8, 2019, after being postponed due to the government shutdown. Docket ## 50, 53.

For the following reasons, plaintiffs' motion to supplement the administrative record (Docket # 30) is **denied as moot** and plaintiffs' motion to amend the complaint is **granted.**

### Discussion

Motion to Supplement the Administrative Record: In its decision denying Mohamed's appeal, the BIA determined that Lool was ineligible for the I-130 petition at the time of filing because the couple had not yet registered their marriage in Yemen; therefore, they were not in a valid marriage and Lool was not an eligible relative for purposes of the I-130 petition. Plaintiffs, however, contend that under Yemeni law, the marriage was valid because in Yemen, which is governed by Islamic law, a marriage is valid regardless of whether it is officially registered.

2

Accordingly, plaintiffs contend that the administrative record must be supplemented with applicable Yemeni law to prove that Mohamed's marriage was, indeed, valid. Plaintiffs initially sought to supplement the record with an expert's written report to this effect, which has not yet been created.

However, at the oral argument held on March 8, 2019 for the motion to amend the complaint, the parties agreed that the issue of the government's refusal to recognize the marriage has been resolved. Indeed, in the motion to dismiss pending before Chief Judge Geraci (Docket # 37), the Government represented that on September 20, 2018, the "USCIS reopened and approved Petitioner Mohamed Al Shuaibi's Form I-130, filed on behalf of beneficiary Lool." Docket # 37 at 4. A copy of the Notice of Approval was attached as Exhibit A to the Government's Memorandum of Law. Docket # 37-1 at 2. The parties agree that having approved the Petition, there is no longer a need to obtain expert opinions on Yemeni law. Accordingly, plaintiff's motion to supplement the administrative record with expert testimony regarding applicable Yemeni law (Docket # 30) is moot.

Motion to Amend the Complaint: Per Federal Rule of Civil Procedure 15(a)(2)[1] parties may seek leave of court to amend a

---

[1] Plaintiffs did not bring their motion under Rule 15(a)(2) but under 15(a)(1)(B). However, other district courts have considered both Rule 15 bases for amending a complaint even if the moving party brought their motion under one part or the other. See Canales v. Sheahan, 12-CV-693A, 2016 WL 489896, at

3

complaint and such leave should be granted freely when "justice so requires." Fed. R. Civ. P. 15(a)(2). Factors considered in determining whether to allow a party to amend a complaint include, among others, (1) futility, (2) bad faith or dilatory motive, (3) undue delay and (4) undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007). Still, it is within the court's discretion whether to grant amendment. McCarthy, 482 F.3d at 200; Teoba v. TruGreen Landcare LLC, No. 10-CV-6132 CJS(JWF), 2013 WL 1560208, at *3 (W.D.N.Y. Apr. 10, 2013).

The Government opposes plaintiffs' motion to amend the complaint on various grounds, including that the amendments are futile, are unripe, and plaintiffs lack standing to litigate several of the claims alleged in the proposed amended complaint. See Docket # 47. As the Court indicated to government counsel at the motion argument hearing, although styled as "futility" arguments, the government's objections to the filing of the amended complaint really go to the underlying merits of the lawsuit and are best addressed in either a motion to dismiss or a motion for summary judgment, particularly where, as here, the undersigned does not have jurisdiction to make case dispositive determinations in this case.

---

*2-3 (W.D.N.Y. Feb. 9, 2016); Mahran v. Benderson Dev. Co., LLC, No. 10-CV-715A, 2011 WL 1467368, at *6 (W.D.N.Y. Apr. 18, 2011).

4

Accordingly, in the interests of judicial economy and efficiency, the Court will grant plaintiffs' motion to amend the complaint with the specific understanding that the government intends to expeditiously raise its substantive objections to the underlying merits of this action, either by way of moving to dismiss in lieu of an answer or by answering and then filing an early dispositive motion. See Mulvey Constr., Inc. v. Bituminous Cas. Corp., No. 1:07-00634, 2008 WL 11381556, at *2 (S.D. W. Va. 2008) (amendment of complaint allowed "in the spirit of judicial efficiency" where "[t]he legal questions posed by the defendants' futility challenge to the plaintiffs' motion to amend are quite complicated", the cause of action plaintiffs sought to add was not "clearly insufficient or frivolous on its face", and where court allowed defendants to challenge amended complaint via motion to dismiss). Since this matter will presumably be decided on the existing administrative record, no discovery is contemplated. In addition, since the amended complaint will replace the existing complaint, Chief Judge Geraci will not be deciding the motion to dismiss the original complaint (Docket # 37) that is currently pending.

## Conclusion

For the foregoing reasons, plaintiffs' motion to supplement the administrative record (Docket # 30) is **denied as moot** and plaintiffs' motion to amend the complaint (Docket # 44) is **granted.**

5

As agreed at the motion hearing, the defendants shall have thirty (30) days from the filing of this Decision and Order to respond to plaintiffs' amended complaint.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 11, 2019
Rochester, New York